UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ALTI HASKELL, #19004128,

                    Plaintiff,

        -against-

GOV. ANDREW CUOMO, DAVID HOOVLER,
DISTRICT ATTORNEY'S ASSOCIATION,
DISTRICT ATTORNEYMADELINE SINGAS,
A.D.A. GREGORY MURPHY, JUDGE WILLIAM
O'BRIEN,

                    Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-3965 (JMA)(SIL)

**FILED**
**CLERK**
3/8/2021 4:36 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Before the Court is the application to proceed in forma pauperis filed by incarcerated pro se plaintiff Alti Haskell ("Plaintiff") together with a civil rights complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Governor Andrew Cuomo ("Gov. Cuomo"), David Hoovler ("Hoovler"), Nassau County District Attorney Madeline Singas ("DA Singas"), assistant district attorney Gregory Murphy ("ADA Murphy"), and Judge William O'Brien ("Judge O'Brien" and collectively, "Defendants").  The Court grants Plaintiff's request to proceed in forma pauperis and abstains from interfering in Plaintiff's on-going state court criminal proceedings.  Additionally, the Court sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915 (e)(2)(B), 1915A(b) for the reasons that follow.

                **I.    BACKGROUND[1]**

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

form and seeks to have this Court intervene in an on-going state court criminal prosecution. Indeed, among other things, Plaintiff seeks the dismissal of the indictment against him.[2]  (Compl. ¶ III.)  Plaintiff is awaiting trial and complains that he is asthmatic and at risk of contracting the COVID-19 virus while housed at the Nassau County Correctional Center.  (Id. at 6.)  Plaintiff alleges that his application for a compassionate release was opposed by ADA Murphy and denied by Judge O'Brien.  (Id. at 6-7.)

Plaintiff also complains that he "wanted to be present at the grand jury to exercise his right to testify, but his rights were not honored."  (Id. at 9.)  On August 22, 2019, Plaintiff was arraigned on additional charges, including criminal possession of a firearm, criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the fifth degree, private sale or disposal of firearms, rifles, and shot guns, conspiracy in the second degree, and conspiracy in the fifth degree.  (Id. at 10.)  According to Plaintiff, his assigned counsel "waived plaintiff's rights to testify . . . [at] the grand jury proceedings without consultation or consent by signing a waiver for re-indictment proceedings."[3]  (Id.)  Plaintiff also alleges that although ADA Murphy stated the People's readiness for trial on August 22, 2019, he alleges that subsequently (October 18, 2019, December 19, 2019, January 13, 2020, and February 28, 2020) ADA Murphy stated the People were not ready for trial.  (Id. at 11.)

In addition, Plaintiff alleges that Gov. Cuomo's March 13, 2020 declaration of a state of emergency due to the COVID-19 pandemic deprived Plaintiff of his speedy trial rights as guaranteed by the Sixth Amendment.  (Id. at 11-12.)  As a result, Plaintiff seeks an order from

---

[2] Plaintiff alleges that he was arraigned on July 18, 2020 and charged with criminal possession of a weapon in the second degree.  (Compl. at 9.)

[3] Plaintiff also alleges that he "filed a CPL 190.50 motion because he was denied the right to testify and have his witnesses testify at grand jury on his behalf."  (Compl. at 10.)

2

this Court dismissing the underlying criminal case against plaintiff.  (Id. ¶ III, and at 14.)  Apart from the caption, neither DA Singas nor Hoovler[4] are mentioned in the body of the complaint.  See Compl. generally.  Further, in addition to the dismissal of the indictment, Plaintiff seeks to recover a monetary award in the sum of $7.5 million, even though Plaintiff has left blank the space on the form complaint that calls for a description of any claimed injuries.  (Id. ¶¶ II.A., III.)

## II.   DISCUSSION

### A.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less

---

[4] Plaintiff names Hoovler and identifies him as employed by the District Attorney Association.  See Compl. ¶ I, at 2. According to the complaint, the District Attorney Association "proposed to Gov. Andrew Cuomo that he suspend pretrial detainees CPL 30.30 and 240."  Id. at 11.

stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read Plaintiff's pro se complaint liberally and interpret it to raise the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

4

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### i. Intervention in Pending State Criminal Proceedings

According to the information maintained by the New York State Unified Court System on its public database, the criminal charges against Plaintiff are currently pending. See https://iapps.courts.state.ny.us/webcrim (last visited on March 8, 2021). Under Younger v. Harris, 401 U.S. 37 (1971), and its progeny, the Court must dismiss any claims that Plaintiff asserts in which he asks the Court to intervene in his pending state criminal proceedings. It is long established that "a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate." Lee v. Does 1 & 2, No. 20-CV-9290, 2020 WL 7264293, at *2-3 (S.D.N.Y. Dec. 9, 2020) (citing Gibson v. Berryhill, 411 U.S. 564, 573-74 (1973) (additional citation omitted)); see also Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013) ("Younger

exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Here, wholly absent from the complaint are any allegations of bad faith, harassment, or irreparable injury with respect to Plaintiff's on-going state-court criminal prosecution. See Compl., generally. Therefore, insofar as Plaintiff seeks to have this Court dismiss the indictments against him, this Court cannot intervene in his state criminal proceedings. Given this Court's abstention, such claims are thus dismissed. However, the Court cannot dismiss Plaintiff's damages claims under the Younger abstention doctrine. See, e.g., Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000) ("[A]bstention and dismissal are inappropriate when damages are sought . . . even when a pending state [criminal] proceeding raises identical issues and [the federal district court] would dismiss otherwise identical claims for declaratory and injunctive relief."). However, such claims are not plausible for the reasons that follow.

### ii. There is No Federal Right to Testify or be Present at the Grand Jury

It is well-established that "there is no federal constitutional right to testify before a grand jury, nor, for that matter, is there even a federal right to a grand jury in state criminal proceedings." See Franklin v. Warren Cty. D.A's Office, No. 08-CV-801, 2009 WL 161314, at *2 (N.D.N.Y. Jan. 21, 2009) (report and recommendation and order adopting report and recommendation) ("the lack of a preliminary hearing or appearance before the grand jury—do not implicate federal rights") (citing Burwell v. Supt. of Fishkill Corr. Fac., No. 06-CV-787, 2008 WL 2704319, at *8 (S.D.N.Y. July 10, 2008) (citing, inter alia, Branzburg v. Hayes, 408 U.S. 665, 688 n.25 (1972)). Thus, insofar as Plaintiff seeks to bring a Section 1983 claim arising from the grand jury proceedings, such claims are implausible and are thus dismissed pursuant to 28 U.S.C. §§

1915(e)(2)(B)(i)-(ii), 1915A(b).

### iii. Speedy Trial

Plaintiff alleges that he was deprived of his right to a speedy trial as guaranteed by the Sixth Amendment and N.Y. C.P.L. § 30.30. However, "in order to adequately plead claims under Section 1983 that he was tried and convicted in violation of his Sixth Amendment right to a speedy trial, Plaintiff must allege that the state court criminal proceedings terminated in his favor." Bussey v. Devane, No. 13-CV-3660, 2013 WL 4459059, at *5 (E.D.N.Y. Aug. 16, 2013) (citing Montane v. Pettie, No. 10-CV-4404, 2012 WL 1617713, at *2 (E.D.N.Y. May 8, 2012)). Given that Plaintiff's state court criminal prosecution is on-going, he cannot allege that it terminated in his favor.

To the extent Plaintiff attempts to premise a federal speedy trial claim on CPL 30.30, any such claim is not plausible because, inter alia, "although CPL § 30.30 is entitled a 'speedy trial' statute, the history of its adoption makes evident that it addresses only the problem of prosecutorial readiness, and is not a speedy trial statute in the constitutional sense."[5] Randolph v. Cuomo, No. 20-CV-4719, 2020 WL 6393015, at *4 (E.D.N.Y. Nov. 2, 2020) (citing People v. Haneiph, 745 N.Y.S.2d 405, 408 (Sup. Ct. Kings Cty. 2002)).

Accordingly, Plaintiff's speedy trial claim under § 1983, as pled, is not plausible and is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### iv. Personal Involvement

Although Plaintiff names DA Singas and Hoovler in the caption and the "Parties" section of the complaint, neither individual is again mentioned in the body of the complaint. See Compl.,

---

[5] Moreover, as discussed below, the Court declines to exercise supplemental jurisdiction over any state law claims, including any state law claims based on CPL 30.30.

7

generally. In order to state a plausible claim for relief under Section 1983, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); McCoy v. Goord, 255 F. Supp. 2d 233, 245 (S.D.N.Y. 2003) (explaining that to state a Section 1983 claim for damages against an individual defendant, a plaintiff must allege specific facts to show that each defendant was directly or personally involved in the alleged violation, "that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'") (quoting Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, as is readily apparent, Plaintiff has not alleged that DA Singas and/or Hoovler were personally involved in any of the challenged conduct. Even affording the pro se complaint a liberal construction, to the extent that Plaintiff seeks to impose liability on DA Singas given the position she holds, he has not alleged a plausible supervisory liability claim. Indeed, an individual "cannot be held liable for damages under Section 1983 merely because he held a high position of authority." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004); Randolph, 2020 WL 63930145, at *3 ("Liability under Section 1983 cannot be generally imposed on a supervisor solely based on his or her position."). Moreover, even if DA Singas was personally involved in the decisions to prosecute Plaintiff and to oppose his compassionate release motion (and there is no indication in the complaint that she was), DA Singas would be entitled to absolute immunity as set forth below. Accordingly, Plaintiff's Section 1983 claims against DA Singas and Hoovler are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**v. Immunity**

Plaintiff's Section 1983 claims seeking damages are implausible because immunity bars these claims. "[J]udges generally have absolute immunity from suits for money damages for their judicial actions" and "even allegations of bad faith or malice cannot overcome judicial immunity." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). Absolute immunity protects a judge from damages suits "unless [s]he 'acted in the clear absence of all jurisdiction.'" McKeown v. N.Y. State Comm'n on Judicial Conduct, 377 F. App'x 121, 123-24 (2d Cir. 2010) (summary order) (quoting Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir. 1997)). Similarly, prosecutors are also eligible for such immunity. See Berlin v. Meijias, 15-CV-5308, 2017 WL 4402457, at *3 (E.D.N.Y. Sept. 30, 2017) (citing McKeown, 377 F. App'x at 124 ("Prosecutors, . . . are eligible for absolute immunity. . . .")). The Second Circuit has long held that "prosecutors sued under 42 U.S.C. § 1983 are entitled to absolute immunity from claims for damages arising out of prosecutorial duties that are intimately associated with the judicial phase of the criminal process." Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001) (internal citation and quotation marks omitted). Prosecutors are entitled to absolute immunity with respect to their "prosecutorial functions," which include their actions "as advocates and when their conduct involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011).

In addition, the Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his or her official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York State has not consented to Section

9

1983 suits in federal court . . . and that Section 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citation omitted).

Here, Judge O'Brien is alleged to have presided over pre-trial proceedings in Plaintiff's underlying state court criminal case and Plaintiff challenges his ruling relating to his motion for compassionate release filed during such proceedings. Likewise, ADA Murphy is the assistant district attorney who, on behalf of the People of the State of New York, opposed Plaintiff's motion during those proceedings. Because the conduct by Judge O'Brien and ADA Murphy as alleged by Plaintiff was clearly within the scope of their respective duties during the underlying state criminal prosecutions, together with the absence of any allegations that they acted "in clear absence of all jurisdiction", they are shielded by prosecutorial immunity. Corley v. Wittner, 811 F. App'x 62, 63 (2d Cir. 2020) (summary order) ("The district court correctly held that the state court judge and prosecutors were absolutely immune from suit as to [plaintiff's] speedy trial . . . claims.") (citations omitted).

Similarly, to the extent that Judge O'Brien, ADA Murphy, DA Singas, and Gov. Cuomo are being sued in their official capacities, they are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted); see also Amaker v. N.Y. State Dep't of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefitted from New York's

Eleventh Amendment immunity against suit" because they were sued in their official capacities) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993)) (holding that district attorney represents the state, not the county, and so is entitled to Eleventh Amendment immunity); Morisset v. Cty. of Nassau, No. 16-CV-3908, 2017 WL 5312135, at *3 (E.D.N.Y. Nov. 13, 2017) ("Plaintiff's claims against DA Singas must also be dismissed because state officials acting in their official capacities are protected by sovereign immunity as guaranteed by the Eleventh Amendment.").

Here, insofar as Plaintiff seeks monetary damages from Judge O'Brien, ADA Murphy, DA Singas, and Gov. Cuomo, the Eleventh Amendment precludes Plaintiff's Section 1983 claims. Accordingly, Plaintiff's Section 1983 claims against Judge O'Brien, ADA Murphy, DA Singas, and Gov. Cuomo are implausible and are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

**vi. State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

11

remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims, including Plaintiff's purported speedy trial claim under CPL 30.30, that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and dismisses any such claims without prejudice.

### III. LEAVE TO AMEND

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). However, while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Because the defects in Plaintiff's claims are substantive and could not be cured in an amended pleading, leave to amend the complaint is denied.

## IV.     CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis is granted, but Plaintiff's Section 1983 claims are sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses any such claims without prejudice to Plaintiff pursuing such claims in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:     March 8, 2021
           Central Islip, New York                    /s/ (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE

13